UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SARA ANNE ABBEY,

                             Plaintiff,

           -vs-                **No. 6:17-cv-06430-MAT**
                                       **DECISION AND ORDER**
NANCY A. BERRYHILL, Acting
Commisioner of Social Security,

                             Defendant.

---

## I. Introduction

Represented by counsel, Angela Goins ("Plaintiff"), commenced this action pursuant to Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant"), denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Before the Court is Plaintiff's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b) ("Section 406(b)").

## II. Procedural History

On January 13, 2014, Plaintiff protectively filed applications for DIB and SSI, alleging disability beginning September 10, 2013, due to an anaphylactic allergy to latex, learning disabilities, hearing problems, left knee problems, chronic depression, asthma, urticaria, psoriasis, and allergy-induced eczema. Following a hearing on September 22, 2015, an administrative law judge ("ALJ") issued an unfavorable decision on December 17, 2015. The Appeals

Counsel denied review of the ALJ's decision, and Plaintiff then commenced this action.

On August 17, 2018, the Court issued a Decision and Order, Docket No. 16, reversing the Commissioner's decision and remanding the case for the calculation and payment of benefits. The Court found that none of the regulatory factors supported the ALJ's decision to decline to afford controlling weight to the treating physician's opinion, which was uncontradicted and supported by substantial evidence in the record. The Court explained that further administrative proceedings were unwarranted because had the ALJ properly weighed Dr. Lavender's opinion, and had the RFC assessment properly reflected the extent of Plaintiff's impairments, she would have been found disabled; the VE in this case testified that the requirement of a latex-free environment would eliminate all jobs in the national economy.

Plaintiff filed an application for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). By stipulation and order dated December 4, 2018, this Court awarded Plaintiff's attorney $6,000.00 in fees under the EAJA.

The Social Security Administration ("SSA") subsequently issued a Notice of Change in Payment on November 27, 2018. The Notice indicated that Plaintiff was entitled to past benefits of $35,236.25.

On December 31, 2018, Plaintiff's retained attorney ("Counsel") filed the instant motion seeking judicial approval of

attorney's fees in the amount of $8,809.06 for services performed on Plaintiff's behalf before this Court. Docket No. 25. The Commissioner filed a response indicating that she has no objections to Plaintiff's request for attorney's fees pursuant to Section 406(b) but requests that the Court conduct an independent reasonableness review, as required by law. Docket No. 26. The Commissioner stated that she was deferring to the Court as to whether the Section 406(b) Motion was timely filed. Plaintiff filed a reply addressing the timeliness issue. Docket No. 27.

For the reasons discussed below, the Court finds that Plaintiff's Section 406(b) Motion was timely filed and that it should be granted.

**III. Applicable Legal Principles**

Section 406(b) provides in relevant part that "[w]henever a court renders a judgment favorable to a claimant. . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).

"Within the 25 percent boundary" set by Section 406(b), "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (citation omitted). Section 406(b) also "calls for court review of [contingent fee] arrangements as an

independent check, to assure that they yield reasonable results in particular cases." *Id.* (footnotes omitted). Thus, it is the district court's responsibility to determine whether the requested fees are unreasonable, as required by Social Security Act and *Gisbrecht*, *supra*.

After ascertaining that a given contingent fee agreement is within the 25 percent statutory boundary, courts have considered the following factors in determining whether the resulting fee is reasonable: 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Joslyn v. Barnhart*, 389 F. Supp.2d 454, 456 (W.D.N.Y. 2005) (quoting *Gisbrecht*, 535 U.S. at 808).

**IV. Discussion**

    **A.  Reasonableness of the Fee Requested**

As an initial matter, the Court notes that Counsel's request of $8,809.06 represents 25 percent of the past due benefits awarded to Plaintiff. It therefore does not exceed the statutory cap. It furthermore is permissible under the fee agreement between Plaintiff and Counsel, which, consistent with the statutory cap, allows for up to 25 percent of any past due benefits awarded.

-4-

With regard to the first *Gisbrecht* factor, the Court finds that the requested fee is in line with the "character of the representation and the results the representation achieved." Here, Counsel's effective briefing secured a reversal and remand for calculation and payment of benefits. This factor accordingly weighs in favor of finding reasonableness.

Turning to the second factor, Counsel did not engage in dilatory litigation tactics or otherwise cause delay in the proceedings that might have inflated past due benefits and thus the potential fee award. The second factor also weighs in favor of finding reasonableness.

With regard to whether the fee award constitutes a "windfall," the Supreme Court has not provided clear guidance on assessing this factor but has suggested that conducting what is essentially a lodestar analysis may be helpful. *See Gisbrecht*, 535 U.S. at 808 (suggesting that the hours spent by counsel representing the claimant and counsel's "normal hourly billing charge for noncontingent-fee cases" may aid "the court's assessment of the reasonableness of the fee yielded by the fee agreement"). Based on the itemized statement submitted, Counsel spent a total of 37.3 hours representing Plaintiff in the district court. Dividing the Section 406(b)(1) fee requested ($8,809.06) by the total hours expended by Counsel (37.3) yields an effective hourly rate of $236.17. A survey of the case law from this Circuit indicates that such an hourly rate is clearly reasonable. *See, e.g., Heffernan v.*

*Astrue*, 87 F. Supp.3d 351, 356-57 (E.D.N.Y. 2015) (discussing cases in Second Circuit and reducing, as unreasonable, a requested Section 406(b) fee of $15,100.00 for 15.1 hours ($1,000.00 per hour) to $5,285 ($350.00 per hour)).

The Court further observes that a contingent fee outside of the Social Security context typically represents the past and future value of the case. Here, however, the statute provides that attorney's fees are based solely on past-due benefits. *See* 42 U.S.C. § 406(b)(1). The value of this case to Claimant is greater than the amount of past due benefits received, since Plaintiff will receive not only the past due benefits owed but also ongoing benefits until she dies, reaches retirement age, or is no longer disabled. In addition, the value of health care benefits attendant to Title II benefits is not included in the computation of the fee under Section 406(b)(1). Counsel, on the other hand, assumed a substantial risk of loss in taking this case, given that Plaintiff's claim had been denied at multiple levels of agency review before the initiation of this civil action. In this regard, the Court considers the deference owed to lawful attorney-client fee agreements, *Gisbrecht*, 535 U.S. at 793, and the interest in assuring that attorneys continue to represent clients such as Plaintiff, *id.* at 805.

Consideration of all of the *Gisbrecht* factors warrant a finding that the requested fee is reasonable, and the Commissioner does not disagree. In addition, Counsel has stated that he will

refund the amount of the EAJA fee award to Plaintiff should the Section 406(b) application be approved. *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both prescriptions [in the EAJA and Section 406(b)], but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'") (quoting Act of Aug. 5, 1985, Pub. L. 99–80, § 3, 99 Stat. 186; second alteration in original).

**B. Timeliness of the Section 406(b) Motion**

The parties note that the law within the Second Circuit is unsettled regarding the deadline to file a Section 406(b) motion. The Commissioner states that the instant motion appears to have been timely filed under any standard, but defers to the Court on the timeliness issue.

In this case, the Notice of Change in Payment was dated November 27, 2018. *See* Docket No. 25-2. A recipient is presumed to have received mailed communication from the SSA within five days of the date of the Notice. *See* 20 C.F.R. § 416.1503 ("Date we notify him or her means 5 days after the date on the notice, unless the recipient shows us that he or she did not receive it within the 5-day period."). Counsel indicates that the Notice was originally sent to Plaintiff's agency representative, Ronald Bleier. Counsel subsequently received the Notice on December 27, 2018, and filed the instant motion on December 31, 2018. Thus, the motion was filed 33 days after the date of the Notice and 4 days after Counsel's actual receipt of the Notice.

The Act does not require a fee application to be filed within any specific time limit, "making the timeliness question somewhat more complicated." *Geertgens v. Colvin*, No. 13 CIV. 5133(JCF), 2016 WL 1070845, at *2 (S.D.N.Y. Mar. 15, 2016). The Second Circuit has not squarely addressed the question of what standard should govern the question of whether a Section 406(b) application is timely filed. "The Third, Fifth, and Eleventh Circuits have applied Rule 54(d)(2) of the Federal Rules of Civil Procedure to such applications, requiring that they be filed within fourteen days after the entry of judgment." *Rita M. B. v. Berryhill*, No. 5:16-CV-0262(DEP), 2018 WL 5784101, at *3 (N.D.N.Y. Nov. 5, 2018) (citation and footnote omitted). "Other courts, including the Tenth Circuit, consider such an application to brought under Rule 60(b)(6) of the Federal Rules of Civil Procedure, requiring that the application be made within a reasonable time after the Commissioner's decision awarding benefits." *Id.* (citing *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006) (determining that substantial justice would be served by using a reasonableness standard when assessing timeliness of a Section 406(b) application); accord *Geertgens v. Colvin*, No. 13 Civ. 5133, 2016 WL 1070845, at *2-*3 (S.D.N.Y. Mar. 15, 2016); *Garland v. Astrue*, 49 F. Supp.2d 216 (E.D.N.Y. 2007) (assuming *arguendo* that the Rule 60(b)(6) reasonableness standard would apply). Courts in this District, up until recently, had consistently applied a reasonableness standard. *See, e.g., Jenis v. Colvin*, 12-CV-0600A,

-8-

2016 WL 624623, at *1 n. 1 (W.D.N.Y. Oct. 26, 2016) (Section 406(b) application filed four months after notice of award was filed within a reasonable time and was timely); *see also Buckingham v. Astrue*, 07-cv-159-JTC, 2010 WL 4174773, at *1 (W.D.N.Y. Oct. 25, 2010) (granting Section 406(b) application filed 98 days after notice of award received, without consideration of timeliness); *but see Sinkler v. Berryhill*, 305 F. Supp.3d 448, 452 (W.D.N.Y. 2018), *appeal docketed*, 18-2044 (2d Cir. July 11, 2018).

The Court notes that Western District of New York Proposed Local Rule 5.5(g)(1)[1] rejects the fourteen-day standard and suggests a window of 65 days for filing Section 406(b) applications. That is almost double the length of the 33-day delay in this case. The Court is therefore unable to find Counsel's application untimely, particularly where the Commissioner does not urge that it be denied on this basis. "'In view of the unsettled nature of the law' regarding the deadline for § 406(b) motions[,] both in this District and in this Circuit[,] . . . Counsel reasonably lacked notice or constructive knowledge of the applicable time period for filing [her] § 406(b) motion." *Fodor v. Berryhill*, No. 13-CV-0784-A, 2018 WL 3237728, at *1 n. 1 (W.D.N.Y. July 3, 2018) (quoting *Bentley v. Commissioner*, 524 F. Supp.2d 921, 924 (W.D. Mich. 2007)); *see also Rita M. B. v. Berryhill*, No. 5:16-CV-0262(DEP), 2018 WL 5784101, at *4 (N.D.N.Y. Nov. 5,

---

[1] Available at http://www.nywd.uscourts.gov/news/notice-proposed-federal-court-local-rules-amendments (last accessed Jan. 25, 2019).

2018) (finding that "[i]n light of the uncertainty and marked split of authority surrounding the issue, and the lack of definitive guidance from the Second Circuit, . . . if the fourteen-day limit of Rule 54(d) is found to apply, [the attorney's] . . . [four month] delay in submitting the application beyond that period was the result of excusable neglect, within the meaning of Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, and therefore will not deny his application on the basis of untimeliness") (citing *Rabenda v. Colvin*, No. 15-CV-3449, 2018 WL 3178159, at *1 (S.D.N.Y. June 28, 2018)).

**V. Conclusion**

For the reasons set forth above, the Court grants the Section 406(b)(1) Motion in its entirety and awards Plaintiff attorney's fees in the amount of $8,809.06. The Court directs the Commissioner to release the funds withheld from Claimant's benefits award. Upon receipt of the Section 406(b) fee, Counsel is directed to remit payment of $6,000.00, representing the EAJA fee received, to Plaintiff.

**SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   January 28, 2019
         Rochester, New York