```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| SARA ANNE ABBEY,<br><br>                                       Plaintiff,<br><br>                      -vs-<br><br>ANDREW M. SAUL,[1] Commissioner of<br>Social Security,<br><br>                                    Defendant. | **No. 17-CV-06430-MAT**<br>**DECISION AND ORDER** |

**INTRODUCTION**

Represented by counsel, Sara Anne Abbey ("Plaintiff") commenced this action pursuant to Titles II and XVI of the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner" or "Defendant"), which denied her application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Court issued a decision reversing the Commissioner's decision and remanding the case to the Social Security Administration ("SSA") for calculation of benefits. Now before the Court is Plaintiff's Motion for relief from the Court's Decision and Order filed on January 28, 2019, pursuant to Federal Rules of Civil Procedure ("FRCP") § 60(b)(2). Counsel is requesting the Court grant relief

---

[1] The president nominated Andrew M. Saul to be Commissioner of Social Security and the Senate confirmed his appointment on June 4, 2019, vote number 133. He is substituted pursuant to Fed. R. Civ. P. 25(d). The Clerk is directed to amend the caption to comply with this substitution.

due to new and material evidence. Plaintiff also requests an additional $2,603.44 in attorney fees representing the difference between what she has already been awarded and the total amount available for attorney's fees.

**PROCEDURAL HISTORY**

On January 13, 2014, Plaintiff protectively filed applications for DIB and SSI, alleging disability beginning September 10, 2013, due to an anaphylactic allergy to latex, learning disabilities, hearing problems, left knee problems, chronic depression, asthma, urticaria, psoriasis, and allergy-induced eczema. Following a hearing on September 22, 2015, an administrative law judge ("ALJ") issued an unfavorable decision on December 17, 2015. The Appeals Counsel denied review of the ALJ's decision, and Plaintiff then commenced this action.

On August 17, 2018, the Court issued a favorable Decision and Order, Docket No. 16, reversing the Commissioner's decision and remanding the case for the calculation and payment of benefits. The Court found that none of the regulatory factors supported the ALJ's decision to decline granting controlling weight to the treating physician's opinion, which was uncontradicted and supported by substantial evidence in the record. The Court explained that further administrative proceedings were unwarranted because had the ALJ properly weighed Dr. Lavender's opinion, and had the RFC

assessment properly reflected the extent of Plaintiff's impairments, she would have been found disabled. The VE also testified that the requirement of a latex-free environment would eliminate all jobs in the national economy.

Plaintiff filed an application for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). By stipulation and order dated December 4, 2018, the Court awarded Plaintiff's attorney $6,000.00 in fees under EAJA.

The Social Security Administration ("SSA") subsequently issued a Notice of Change in Payment on November 27, 2018. The Notice indicated that Plaintiff was entitled to past benefits of $35,236.25.

On December 31, 2018, Plaintiff's attorney filed a motion seeking approval of attorney's fees in the amount of $8,809.06, representing 25% of the past benefits awarded, for services performed on Plaintiff's behalf. Docket No. 25. The Commissioner filed a response indicating that she had no objections to Plaintiff's request for attorney's fees pursuant to Section 406(b) but requested that the Court conduct an independent reasonableness review. Docket No. 26. The Commissioner deferred to the Court's finding whether the Section 406(b) Motion was timely filed. Plaintiff filed a reply addressing the timeliness issue. Docket No. 27.

On January 28, 2019, the Court found that Plaintiff's Section 406(b) Motion was timely filed and was reasonable and, therefore, granted the application. On April 3, 2019, Plaintiff filed the instant motion for relief pursuant to FRCP § 60(b)(2) and Local Rule 5.5(g)(1) from the Court's Decision and Order of January 28, 2019, due to new and material evidence. On April 26, 2019, the Commissioner filed a response to Plaintiff's motion for relief. The Commissioner found Plaintiff's hourly rate in the motion for relief to be reasonable and had no objections to Plaintiff's request for relief.

## APPLICABLE LEGAL PRINCIPLES

"Rule 60(b)(2) provides relief when the movant presents newly discovered evidence that could not have been discovered earlier and that is relevant to the merits of the litigation." Pryor v. Berryhill, 286 F. Supp. 3d 471, 474 (E.D.N.Y. 2017) (quoting Aponte v. City of N.Y. Dep't of Corr., 377 Fed.Appx. 99, 100 (2d Cir. 2010) (internal quotation marks omitted) (quoting Boule v. Hutton, 328 F.3d 84, 95 (2d Cir. 2003)). Evidence that was "clearly available" at the time of the judgment is "not 'newly discovered'" for the purposes of a motion under Rule 60(b)(2). Id. (quoting Whitaker v. N.Y. Univ., 543 Fed.Appx. 113, 114 (2d Cir. 2013)).

4

"A motion under Rule 60(b)(2) must also be filed within one year of 'the entry of the judgment or order or the date of the proceeding.'" Id. (quoting Fed. R. Civ. P. 60(c)(1)).

**DISCUSSION**

The Court finds Plaintiff's motion to be timely as it was filed well within the one year time limit. In support of the motion, Plaintiff has submitted several documents as "new evidence" for the court to consider: (1) the executed fee agreement; (2) SSI notice of change in payment; and (3) SSA award notice. (Docket No. 31 Attachments 1-3).

The SSI notice of change in payment, dated November 27, 2018, states Plaintiff was due an additional $21,800.00 in addition to her previous back pay award of $13,436.25 which totals $35,236.25 in back pay. (Docket No. 31 Attachment 2). However, the SSA award notice dated March 26, 2019, about two months after the Court's Decision and Order granting Plaintiff's motion for attorney's fees, states the SSA withheld $11,412.50, equaling 25% of Plaintiff's past due benefits, to pay approved lawyer's fees. (Docket No. 31 Attachment No. 3). The withheld amount of $11,412.50, which is 25% of the total award, indicates that the total award must be $45,650.00 and not the original $35,236.25 as stated in the SSI notice of change in payment.

5

The Court finds that since the SSA award notice was issued after the Court's Decision and Order, this evidence was clearly not available before the judgment was issued. Therefore, this evidence is newly discovered and is relevant to the merits of the litigation. Further, the additional amount is reasonable and should be awarded.

**CONCLUSION**

For the reasons set forth above, the Court grants the motion for relief from the Court's Decision and Order (Docket No. 31) by awarding Plaintiff the requested additional attorney's fees in the amount of $2,603.44, for a total attorney's fee award of $11,412.50. The Court directs the Commissioner to release the funds withheld from the benefits awards. Upon receipt of the Section 406(b) fee, Counsel is directed to remit to Plaintiff $6,000.00, representing the EAJA fees Plaintiff previously received.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   July 25, 2019
         Rochester, New York